UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHENNAULT INTERNATIONAL AIRPORT AUTHORITY** | NO. 2:22-cv-2735 |
| **VERSUS** | JUDGE _____ |
| **STARR SURPLUS LINES INSURANCE COMPANY** | MAGISTRATE JUDGE _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **CHENNAULT INTERNATIONAL AIRPORT AUTHORITY** ("Chennault"), who files this Complaint based upon the following allegations of fact and law:

1.

Made Defendant herein is:

**STARR SURPLUS LINES INSURANCE COMPANY**, a foreign corporation that may be served with a certified copy of this Complaint and the accompanying Summons through its designated agent for service of process, R. KYLE ARDOIN, LOUISIANA SECRETARY OF STATE, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809 ("Starr").

2.

This Court may exercise its jurisdiction of this matter because (1) the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00) based on the facts and circumstances described herein; and (2) there is complete diversity of citizenship between the parties. In accordance with 28 USC 1332(c), Starr is a foreign citizen whose principal place of business and state of incorporation is Illinois, and Chennault is domiciled in and a citizen of Louisiana.

1

3.

Chennault maintained that certain policy of insurance through Starr, bearing Policy Number SLSTPTY11266920 (the "Policy"), which insures all immovable properties owned by Chennault, together with all improvements situated thereon and items of personal/business property contained therein (collectively, the "Properties"). At all times relevant hereto, Chennault fulfilled its obligations under such Policy by timely remitting payment of all premiums due.

4.

On or about August 27, 2020, and October 9, 2020, respectively, Hurricanes Laura and Delta made landfall and caused significant damage to the Properties and related losses associated therewith. As such, Chennault filed claim numbers SPSSL0513698 and SPSSL05197705 under the Policy with Starr to cover the costs associated with the damages and its losses (collectively, the "Claim").

5.

Thereafter, Chennault provided Starr with photographic evidence of the damage, in-person inspections the Properties, and a copy of all estimates, quotes, receipts, invoices, and/or other documentation in its possession evidencing its loss, all of which constitute "satisfactory proof of loss" under La. R.S. 22:1892 and fulfill Chennault's obligations under the Policy. See e.g., *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104 (La. 2008).

6.

Starr's evaluations and/or estimates of the Claim, however, failed to adequately account for Chennault's loss, and, consequently, the payments made by Starr were grossly insufficient.

7.

Louisiana Revised Statute 22:1892(A)(4) requires an insurer to submit a written offer to settle any property damage claim within thirty (30) days of its receipt of satisfactory proof of loss from the insured or any party in interest. Similarly, La. R.S. 22:1973 imposes obligations to pay within a delay of sixty (60) days. Starr, however, failed to perform such duty under either statute.

8.

In addition, Starr failed to satisfy and fulfill its duties and obligations under the Policy, as it did not immediately adjust or provide sufficient compensation to Chennault for its loss.

9.

Since Chennault fulfilled its duties under the Policy, all such failures by Starr are clearly arbitrary, capricious, and without probable cause under La. R.S. 22:1892. See e.g., *State Farm Mut. Auto. Ins. Co. v. Norcold, Inc.*, 88 So. 3d 1245 (La. App. 3 Cir. 2012).

10.

Considering the foregoing, Chennault is entitled to and, therefore, seeks all damages allowed under the law arising from Starr's failure to perform and/or fulfill its statutory and contractual obligations, including, but not limited to, breach of contract, specific performance, negligence, punitive damages, and all other compensatory damages related to its conduct.

WHEREFORE, Plaintiff, **CHENNAULT INTERNATIONAL AIRPORT AUTHORITY**, prays that:

I. Defendant, **STARR SURPLUS LINES INSURANCE COMPANY,** be duly cited and served with a copy of this Complaint and a Summons commanding it to respond thereto;

II. After due proceedings had, there be judgment in favor of Plaintiff, **CHENNAULT INTERNATIONAL AIRPORT AUTHORITY**, and against Defendant, **STARR SURPLUS LINES INSURANCE COMPANY**, in an amount consistent with all relief requested herein, including, but not limited to, the unpaid amount of the Claim, damages and/or penalties under La. R.S. 22:1892 and/or 1973, legal interest, attorneys' fees, and all costs associated with these proceedings; and

III. Full, general, and equitable relief be granted to Plaintiff, **CHENNAULT INTERNATIONAL AIRPORT AUTHORITY**, as warranted.

Respectfully submitted,

STUTES & LAVERGNE, LLC

/s/ Russell J. Stutes, Jr.
RUSSELL J. STUTES, JR. (#21147)
P. JODY LAVERGNE (#27546)
600 Broad Street
Lake Charles, LA 70601
Telephone: (337) 433-0022
Facsimile: (337) 433-0601
Email:  rusty@stuteslaw.com
             jody@stuteslaw.com

**PLEASE SERVE UNDER FRCP 4:**

**STARR SURPLUS LINES INSURANCE COMPANY**
*Through its designated agent for service of process*:
R. Kyle Ardoin
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809