UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| CHENNAULT INTERNATIONAL AIRPORT AUTHORITY | CASE NO. 2:22-CV-02735 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| STARR SURPLUS LINES INSURANCE CO | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 101] filed by plaintiff Chennault International Airport Authority ("Chennault"), relating to the choice of law applicable in this matter. Defendant Starr Surplus Lines Insurance Company opposes the motion. Doc. 131.

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta to Chennault, which owns and operates a regional airport located in Southwest Louisiana. At all relevant times the property was insured under a surplus lines policy issued by Starr. Following the hurricanes, which made landfall on August 27 and October 9, 2020, Chennault filed suit in this court and raised claims for breach of insurance contract and bad faith against Starr. Doc. 1. The matter is set for bench trial before the undersigned on October 23, 2023. Doc. 51.

Chennault now moves for summary judgment, seeking a pretrial determination that Louisiana law will apply to its claims. Starr has maintained that New York law should apply, based on a Choice of Law and Choice of Venue clause in the policy. That clause

provides, in relevant part: "The laws of the State of New York shall solely and exclusively be used and applied in any such suit, action, or proceeding, without regard to choice of law or conflict of law principles." Doc. 10, att. 3, p. 25. As the court ruled in denying Starr's motion to transfer, however, Louisiana Revised Statute 9:2778 applies to this matter because the insurance policy at issue is a public contract. That statute provides:

> B. The legislature hereby declares null, void, unenforceable, and against public policy, any provision in a contract, subcontract, or purchase order, as described in Subsection A, which either:
> (1) Requires a suit or arbitration proceeding to be brought in a forum or jurisdiction outside of this state.
> (2) Requires interpretation of the agreement according to the laws of another jurisdiction.

*Id.* at § 9:2778(B). Additionally, Louisiana Revised Statute 22:868 provides:

> A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any group health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement either:
> (1) Requiring it to be construed according to the laws of any other state or country except as necessary to meet the requirements of the motor vehicle financial responsibility laws of such other state or country.
> (2) Depriving the courts of this state of the jurisdiction or venue of action against the insurer.

La. Rev. Stat. § 22:868(A). Under Subsection (D), "The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance," i.e., surplus lines policies. *Id.* at § 22:868(D). There is no reservation, however, for choice of law clauses. Accordingly, the choice of law clause is invalidated and the underlying facts support only the application of

Louisiana law to these claims. Chennault's Motion for Partial Summary Judgment [doc. 101] will therefore be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 26th day of September, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE