UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CHENNAULT INTERNATIONAL AIRPORT AUTHORITY** | **CASE NO. 2:22-CV-02735** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **STARR SURPLUS LINES INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 89] filed by plaintiff Chennault International Airport Authority ("Chennault"), relating to the applicable deductible for Chennault's Hurricane Laura and Hurricane Delta claims under the policy issued by defendant Starr Surplus Lines Insurance Company ("Starr"). Starr opposes the motion. Doc. 109. The matter came before the court for hearing on September 27, 2023, and the undersigned now issues this ruling.

### I.
#### BACKGROUND

This suit arises from damage allegedly inflicted by Hurricane Laura and Hurricane Delta to Chennault, which owns and operates a regional airport located in Southwest Louisiana. At all relevant times the property was insured under a surplus lines policy issued by Starr. Following the hurricanes, which made landfall on August 27 and October 9, 2020, Chennault filed suit in this court and raised claims for breach of insurance contract and bad faith against Starr. Doc. 1. The matter is set for bench trial before the undersigned on October 23, 2023. Doc. 51. Chennault now brings this motion for partial summary

judgment based on correct deductible(s) applicable to an insured location under the policy. Doc. 89.

The policy states, in relevant part: "All deductibles listed below are per occurrence except with respect to coverage provided under the Boiler & Machinery Endorsement, if attached, which shall be any one accident." Doc. 109, att. 3, p. 15. It also provides:

**NAMED WINDSTORM:**
**(PROPERTY DAMAGE AND TIME ELEMENT COMBINED):**    2% SUBJECT TO A $100,000 MINIMUM PER OCCURRENCE

*Id.* The policy further states:

> 1. If the deductible is specified as a (%) percentage, whether separately or combined, the deductible is calculated as follows:
> PROPERTY DAMAGE – SEE ABOVE % of the 100% value submitted to and accepted by the COMPANY at the time of loss, of the property insured at the LOCATION where the physical loss or damage occurred.
> . . . .
> 3. When this POLICY insures more than one INSURED LOCATION, the deductible will apply against the total loss covered by this POLICY in any one OCCURRENCE except that a deductible that applies on a per LOCATION basis, if specified, will apply separately to each LOCATION where the physical damage occurred regardless of the number of Locations involved in the OCCURRENCE.
> 4. Unless otherwise stated, if two or more deductibles apply to an OCCURRENCE, the total to be deducted will not exceed the largest deductible applicable. If two or more deductibles apply on a per INSURED LOCATION basis in an OCCURRENCE the largest deductible applying to each INSURED LOCATION will be applied separately to each such INSURED LOCATION.

*Id.* at 16. Attached to the policy is a Schedule of Values, listing the insured locations and the value of real and personal property at each site. Doc. 89, att. 5.

Chennault filed claims with Starr after Hurricanes Laura and Delta, and Starr retained Sedgwick Claims Management, Inc. to act as independent adjuster. Doc. 109, att.

7, ¶ 2. In determining the actual cash value of the damage, Sedgwick prepared spreadsheets that included the estimated damage at each location along with a calculation of the deductible based on two percent of the value of real and personal property at the location as set forth on the Schedule of Values. *Id.* at ¶¶ 4, 9; *see* doc. 109, atts. 8 & 9 (adjustment summaries). Chennault has also submitted an earlier adjusting report from May 2022, which shows that the deductible was applied to all scheduled property at a location for which damage was claimed regardless of whether any damage was found for that particular item. Doc. 134.

Chennault now moves for partial summary judgment, asserting that "the only reasonable interpretation of the Named Windstorm deductible is that once damages in a Named Windstorm exceed the highest deductible for each Insured Location, the deductible is met for that occurrence." Doc. 89, att. 1. Accordingly, it maintains that Starr misinterpreted and misapplied the policy by calculating the deductible based on the sum of deductibles for all buildings and locations. *Id.* At the hearing Chennault emphasized that Starr applied the deductible even to undamaged items at locations where damage had occurred, particularly at Location 35 (Scheduled and Unscheduled Equipment). Starr opposes the motion. Doc. 109.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying

portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy

is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*, 418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

Chennault argues that the policy provides for multiple deductibles and that Starr erred by failing to apply the lowest. The court can only find that one deductible applies in this matter, however—the named windstorm deductible. As set forth in the policy:

> When this POLICY insures more than one INSURED LOCATION, the deductible will apply against the total loss covered by this POLICY in any one OCCURRENCE except that a deductible that applies on a per LOCATION basis, if specified, will apply separately to each LOCATION where the physical damage occurred regardless of the number of Locations involved in the OCCURRENCE.

Doc. 109, att. 3, p. 16. The deductible is based on "the property insured at the LOCATION where the physical loss or damage occurred," with no specification as to the type of property or whether damage occurred to each individual item. *Id.* Accordingly, the deductible applied on a per location basis and appears to have been correctly calculated by Sedgwick based on the value of the real and personal property insured at each location where physical damage occurred.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 89] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 28th day of September, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE